UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SCOTT MCDERMOTT** ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-CV-00704-NJR-PMF |
| v. ) | |
| ) | |
| **DENNIS J. BARTON III** ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

### I. INTRODUCTION

Summary judgment is appropriate in Plaintiff's favor on his FDCPA claim. Defendant filed a garnishment proceeding in a location where neither the Plaintiff resides or where the contract for services provided was signed. Per 15 U.S.C. § 1692i(a)2, Defendant has violated 1692i and Plaintiff is entitled to Summary Judgment as a matter of law.

### II. STANDARDS OF REVIEW

**A. Summary Judgment**

Summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party. Fu v. Owens, 622 F.3d 880, 882 (8th Cir. 2010); F.R.C.P. 56(c). Plaintiff is entitled to summary judgment if the evidence, viewed in the light most favorable to Defendant, shows that no genuine issue of material fact

exists and the moving party is entitled to judgment as a matter of law. Allianz Ins. Co. of Can. V. Sanfleben, 454 F.3d 853, 855 (8th Cir. 2006). In the instant case, the only relevant evidence as to liability is the Defendant commencing garnishment proceedings in Madison County, a forum inappropriate because there is no connection between the Plaintiff or the creditor in that jurisdiction. Defendant cannot dispute the garnishment and where it was filed. Defendant may not simply rest on the allegations of the pleadings, but must come forward and designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Mere allegations, unsupported by specific facts or evidence beyond Defendant's own conclusions, are insufficient to withstand a motion for summary judgment. Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

    **B. The "Unsophisticated Consumer"**

Congress created the Fair Debt Collection Practices Act ("FDCPA") in order to stop the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692a (2006). Under the FDCPA, the court must assess the deceptive, misleading or confusing nature of collection activity from the perspective of an "unsophisticated consumer." McCafferty v. Schwartzkopf Law Office, No. 4:10 CV 1401RWS, 2011 WL 4916382, *2 (E.D. Mo. Oct. 17, 2011); Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001); Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948–49 (7th Cir. 2004). This "unsophisticated consumer" is assumed to be "uninformed, naïve, or trusting," and would be confused or misled if a "significant fraction" of people would be similarly misled. Chuway, 362 F.3d at 949. Under the "unsophisticated consumer" standard, a court may grant summary judgment

2

when collection activity "on its face violates the [FDCPA]… even in the absence of extrinsic evidence." Bode v. Encore Receivables Mgmt., Inc., No. 05-CV-1013, 2007 WL 2493898, at *4 (E.D. Wis. Aug. 30, 2007).

### III. ARGUMENT

**A. Plaintiff Satisfies the Threshold Inquiry:  He is a Consumer and Defendant is a Debt Collector.**

To prevail on his FDCPA allegations, Plaintiff must prove that 1) he is a consumer, 2) Defendant is a debt collector, 3) there was an attempt to collect a debt, and 4) Defendant violated, by act or omission, a provision of the FDCPA. See Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997); Issacson v. Saba Commercial Servs. Corp., 636 F. Supp. 2d 722, 724 (N.D. Ill. 2009).

Plaintiff's affidavit establishes that Plaintiff is a "consumer" because he is a natural person whom Defendant alleges is obligated to pay a debt. *See* 15 U.S.C. § 1692a(3); SOF, para. 1.  The debt that Plaintiff owes would arise primarily for personal, family, or household purposes—goods and services purchased from St. Anthony's Medical Center  Id. at § 1692a(5); SOF, para. 4.  Defendant is a "debt collector," one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  Id. at § 1692a(6); SOF, para. 3.  Attorneys hired by creditors may be held liable as a "debt collectors" under the FDCPA, where they "regularly" engage in debt collection. See, e.g., Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002). The key is the "regularly" provision. Since 2012, Defendant has represented CACi, a debt buyer and debt collector, in over 170 debt collection lawsuits.  See generally **Exhibit 7**. Plaintiff has established that Defendant attempted to collect a debt

3

by filing suit on behalf of CACi. SOF, para. 5-7. Next, Plaintiff will establish that Defendant violated the FDCPA pursuant to 1692i(a)2.

### B. Defendant Violated § 1692i When He Filed Garnishment Proceedings In A Location Where Neither The Contract Was Signed Or Where The Plaintiff Resides.

This Court should enter summary judgment in Plaintiff's favor against Defendant on Plaintiff's claim that Defendant violated the FDCPA. Section 1692i provides that

"Any debt collector who brings any legal action on a debt against any consumer shall—

**(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
**(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
**(A)** in which such consumer signed the contract sued upon; or
**(B)** in which such consumer resides at the commencement of the action. 15 USC 1692i(a)2.

In this case, Defendant filed suit against Plaintiff and took a default judgment against him in St. Louis County, Missouri on February 27, 2013. Default Judgment, **Exhibit 2**. Defendant had Plaintiff served at his residence of 401 Mockingbird Lane, Waterloo, Illinois. Affidavit of Service, **Exhibit 3**. Defendant then filed a garnishment action against Plaintiff in Madison County, Illinois on August 23, 2013. Notice of Wage Deduction, **Exhibit 4.** In signing the Default Judgment filed against Plaintiff, Defendant stated he was counsel for St. Anthony's Medical Center. Default Judgment, **Exhibit 2**. The truth is that Defendant does not and has not ever represented St. Anthony's Medical Center. Affidavit of Laura Frame, **Exhibit 5**.

4

It is disturbing enough that Defendant would claim to represent St. Anthony's Medical Center when that entity has clearly stated they have no attorney-client or business relationship with him. The Defendant was employed by CACi, a debt buyer and debt collector, to collect the debt at issue. These facts are given to the Court to further illustrate the Defendant's bad behavior.

In this case, Defendant's garnishment proceedings instituted against Plaintiff completely fail to comply with this provision of the FDCPA. Plaintiff has never been a resident of Madison County. **Exhibit 1** at para. 7. The debt at issue, medical services provided by St. Anthony's Medical Center, was incurred in St. Louis County, Missouri. **Id** at para. 9. The Plaintiff works and resides in Monroe County, Illinois. **Id.** at para. 4. In fact, Defendant did not even send Plaintiff notice of the garnishment proceedings that were filed in Madison County. **Id** at para. 5.

It is clear from the record that the only places where garnishment proceedings could have taken place against Plaintiff are 1) St. Louis County, Missouri and 2) Monroe County, Illinois. Any other location is a violation of 1692i. The Defendant had notice of Plaintiff's residence and place of employment from the summons issued in the debt collection case. Both Plaintiff's place of employment and residence are in Waterloo, Monroe County, Illinois. Defendant knew this. As a result of the Defendant's actions, this Court should find Defendant liable to Plaintiff on his FDCPA 1692i claim.

**C. Plaintiff Is Entitled To Recover Actual and Statutory Damages In Addition to Attorneys' Fees.**

Under the FDCPA, a debt collector who violates the Act is liable for any actual damages sustained by the plaintiff in addition to statutory damages of up to $1,000. 15

5

U.S.C. § 1692k(a).  Actual damages also include damages for mental anguish, emotional distress, and humiliation.  Jenkins v. E. Asset Mgmt., LLC, 4:08-CV-1032 CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009).  "A consumer who has suffered emotional distress has suffered 'actual damage,' even if the emotional distress was not severe." Edeh v. Midland Credit Mgmt. Inc., 748 F.Supp.2d 1030, 1041 (D. Minn. 2010). "Indeed, the Eighth Circuit has upheld awards for 'mere mental pain and anxiety'… where the plaintiff has alleged only that he has suffered 'only loss of sleep, nervousness, frustration, and mental anguish' over an incorrect credit report."  Id. (referring to the FCRA, a statute analogous to the FDCPA) (*citing* Millstone v. O'Hanlon Credit Reports, Inc., 528 F.2d 829, 834 (8th Cir. 1976)); s*ee also* Poniewaz v. Regent Asset Mgmt. Solutions, Inc., 4:10-cv-867, 2010 WL 3584368, at *2 (E.D. Mo. Sept. 7, 2010) (plaintiff recovered $500 in actual damages based on two illicit phone calls).  A debt collector is also liable for the plaintiff's attorneys' fees and costs.  15 U.S.C. § 1692k(a).

  In this case, Defendant's conduct caused Plaintiff to incur actual damages in the amount of $1,021.78.  To date, no Satisfaction of Judgment has been filed, meaning that potential creditors could view Plaintiff's credit report and see a judgment that appears to be pending and live.  Plaintiff respectfully requests statutory damages under the FDCPA in the amount of $1,000, damages for distress and aggravation under the FDCPA in the amount of $1,021.78. (Affidavit of Plaintiff, paras. 15-16), and attorneys' fees under the FDCPA in an amount to be determined after the briefing on this Motion is concluded.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court grant his Motion for Summary Judgment and award him $1,000 in FDCPA statutory damages, $1,021.78 in FDCPA actual damages, and FDCPA attorneys' fees in an amount to be determined after the briefing on this matter is concluded. Plaintiff also requests any further relief that the Court deems just and appropriate.

RESPECTFULLY SUBMITTED:

s/ James W. Eason
_____
JAMES W. EASON, #57112
THE EASON LAW FIRM, LLC
124 Gay Avenue, Suite200
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161

## **CERTIFICATE OF SERVICE**

The undersigned verifies that a copy of the foregoing document was served via electronic mail on the following counsel of record on July 29, 2014:

Dennis J. Barton, III
Barton Law Group, LLC
17600 Chesterfield Airport Rd.
Suite B7
Chesterfield, Missouri 63005
Phone: (636) 778-9520
Fax: (636) 778-9523

                                                                                      s/ James W. Eason
                                                                                      _____