## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SCOTT MCDERMOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-704-NJR-PMF** |
| | ) | |
| **DENNIS J. BARTON, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, Scott McDermott, filed this action against Defendant, Dennis J. Barton, III, under the Fair Debt Collection Practices Act ("FDCPA"), with supplemental state law claims for abuse of process and conversion.   McDermott is challenging actions taken by Barton in collecting a debt that McDermott allegedly owed for medical services that he received at St. Anthony's Medical Center ("St. Anthony's").

On November 24, 2014, the Court held a hearing on Barton's motion to dismiss the amended complaint (Doc. 17).   For the reasons set forth below and those stated on the record, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following factual synopsis is taken from the allegations contained in the amended complaint (Doc. 14), which the Court must accept as true for the purpose of the motion to dismiss.   Plaintiff Scott McDermott's alleged debt arises out of medical services that he received from St. Anthony's.   Following receipt of the services,

McDermott received a bill even though he was "fully insured" at the time services were rendered.   McDermott disputed the bill with St. Anthony's, and according to him, he never heard from St. Anthony's again, so he believed that his insurance was properly billed and that all charges were paid.

McDermott was apparently mistaken, however, and St. Anthony's assigned the debt to CACi, a debt collection business, "for valuable consideration."   Dennis J. Barton, III—an attorney whose practice focuses on debt collection—filed suit against McDermott in the Circuit Court of St. Louis County, Missouri ("St Louis County Court") on December 6, 2012, to collect the debt.   St. Anthony's was named as the plaintiff in the suit, and Barton identified himself as "attorney for plaintiff."   Default judgment was entered against McDermott on February 27, 2013, in the amount of $763.57, which included $111.57 in "illicit interest charges."

McDermott alleges that this lawsuit was improper because (1) it was filed in St. Anthony's name, who was no longer a real party in interest (because it had assigned the debt to CACi); (2) it did not disclose CACi's status as the real party in interest; (2) St. Anthony's did not hire Barton, and at all relevant times Barton actually represented CACi; and (4) the default judgment contained an "illicit" interest charge because it was based on a false demand date and because McDermott's agreement with St. Anthony's did not allow for interest and penalty charges.

In May 2013, Barton commenced a garnishment proceeding in the Circuit Court of Madison County, Illinois ("Madison County Court") (*see* Doc. 21-3).   On January 2, 2014, the Madison County Court entered a Wage Deduction Order against

McDermott's employer and imposed a lien on his wages in the amount of $1,121.62.[1] McDermott asserts that the garnishment proceedings were improper because (1) he does not live or work in Madison County, Illinois (he lives and works in Waterloo, which is in Monroe County); (2) Barton improperly purported to be collecting a debt on behalf of St. Anthony's; and (3) Barton falsely and fraudulently increased the balance McDermott allegedly owed.

McDermott filed this three-count federal lawsuit on June 14, 2014, asserting claims for violations of the FDCPA (Count 1), abuse of process (Count 2), and conversion (Count 3) (Doc. 2).   Barton filed a motion to dismiss the original complaint (Doc. 10), and rather than respond to the motion, McDermott filed an amended complaint as a matter of right under Federal Rule of Civil Procedure 15 (Doc. 14).   The amended complaint asserts the same three counts as the original complaint.   Barton then filed a motion to dismiss the amended complaint and a supporting memorandum (Docs. 17, 18).   McDermott filed a brief in opposition to the motion to dismiss (Doc. 21), and Barton filed a supplemental brief and attached an order from the Eastern District of Missouri, which granted his motion to dismiss in a substantially similar case (Doc. 25).

## DISCUSSION

### A.  Dismissal under Rule 12(b)(1)

Barton first argues that Count 1 for violations of the FDCPA should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction over the claim based on the *Rooker-Feldman* doctrine (Doc. 18).   The Court

---

[1] The amended complaint alleges that the garnishment order was in the amount of $1,021.78 (Doc. 14).   McDermott attached the garnishment order to his response to the motion to dismiss, however, and it shows that the order was in the amount of $1,121.62 (Doc. 21-3).

disagrees.

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The *Rooker–Feldman* doctrine provides that lower federal courts do not have jurisdiction over claims seeking review of state court judgments in civil matters. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citing *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002)). The doctrine prevents "state-court losers" from suing in federal court for "injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments." *Lance v. Dennis,* 546 U.S. 459, 464 (2006) (citing *Exxon Mobil v. Saudi Basic Industries,* 544 U.S. 280, 284 (2005)); *Kelley,* 548 F.3d at 603. However, "[t]he doctrine will not prevent a losing litigant from presenting an independent claim to a district court." *Kelley,* 548 F.3d at 603 (citing *Exxon Mobil,* 544 U.S. at 293).

Here, it is undisputed that McDermott was the loser in state court, and a default judgment was entered against him. In his federal lawsuit, however, McDermott is not attacking the validity of the default judgment or alleging an injury caused by the judgment. Instead, he is contesting the *method and manner* in which Barton obtained and enforced the judgment. Specifically, McDermott alleges that Barton made false representations and used deceptive means to obtain and enforce the default judgment, which violated McDermott's right under the FDCPA to be free from the unscrupulous antics of debt collectors (Doc. 14). The *Rooker-Feldman* doctrine "does not bar a federal suit that seeks damages for a fraud that resulted in a judgment adverse to the plaintiff." *Johnson v. Pushpin Holdings, LLC,* 748 F.3d 769, 773 (7th Cir. 2014).

Furthermore, the fact that McDermott's pursuit of his claims could ultimately show that the state court default judgment was erroneous does not render *Rooker–Feldman* applicable.   *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555–56 (7th Cir. 1999).   A plaintiff can deny the correctness of the state court judgment in pursuing the FDCPA claims without changing his claim into an improper request for direct review of the state court judgment.   *Id.*

Accordingly, Barton's motion to dismiss the amended complaint for lack of subject matter jurisdiction is denied.

**B.  Dismissal under Rule 12(b)(6)**

Barton next moves to dismiss Count 1, which is based on a number of separate alleged violations of the FDCPA arising out of the debt collection lawsuit in St. Louis County Court and the garnishment proceeding in Madison County Court, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 18).   Barton also moves to dismiss McDermott's state law claims in Counts 2 and 3 for failure to state a claim (Doc. 18).   Each of Barton's arguments is discussed in turn below.

**1.  Applicable Legal Standard for a Motion to Dismiss Under Rule 12(b)(6).**

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether the plaintiff will ultimately prevail.   *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990).   In reviewing the adequacy of a complaint, courts must construe the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor.   *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081

(7th Cir. 2008)).   To survive a motion to dismiss, plaintiffs need only allege enough facts to state a claim to relief that is plausible on its face.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

> **2.   FDCPA Claims Based on Debt Collection Lawsuit Are Not Barred by the Statute of Limitations.**

Barton first argues that McDermott's FDCPA claims arising out of the debt collection lawsuit in St. Louis County Court should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they are time-barred (Doc. 18).

As an initial matter, the Court notes that dismissing a complaint as untimely based on a Rule 12(b)(6) motion "is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009); *accord Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003).   A complaint can be dismissed as untimely at the pleadings stage only when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.   *See, e.g., Xechem, Inc.*, 372 F.3d at 901.

With that in mind, the Court turns to the relevant limitations period, which is set forth in 15 U.S.C. § 1692k(d) and provides that an FDCPA claim must be brought "within one year from the date on which the violation occurs."   Where, as here, an FDCPA claim arises from a debt collection suit filed in state court, the limitations period begins to run from the day the suit is filed or the day the debtor is served with process.[2]   Barton

---

[2] The Seventh Circuit has not ruled on whether filing or service triggers the limitations period

points out that McDermott did not file his federal lawsuit until June 14, 2014, which is approximately a year and a half after the debt collection lawsuit was filed in St. Louis County Court and McDermott was served (Doc. 18).[3]  Therefore, on the face of the amended complaint, it appears that McDermott's claims arising out of the debt collection lawsuit are barred by the FDCPA's one-year statute of limitations.

McDermott argues that the statute of limitations should be equitably tolled, however, because he did not know that Barton's representations to the St. Louis County Court were fraudulent, and consequently, he did not know of the existence of his claims under the FDCPA, until sometime after the default judgment and the wage garnishment order were entered (Doc. 21).   Based on McDermott's argument that he did not have knowledge of his injury under the FDCPA until some point outside of the one-year limitations period, the Court questions whether McDermott has confused equitable tolling with the discovery rule.   The discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured."   *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)).   Equitable tolling, on the other hand, "assumes that the plaintiff *knows* he has been injured," but the statute of limitations is tolled because some extraordinary circumstances prevented plaintiff from timely filing suit.   *Clark*, 318 F.3d at 768 (citing *Cada*, 920 F.2d at 451).

---

when the underlying FDCPA violation is a debt collection lawsuit, and other circuits are split on the issue.   *Compare Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 446 (5th Cir. 2013) (limitations period begins upon service of process) and *Johnson v. Riddle,* 305 F.3d 1107, 1113 (10th Cir. 2002) (same), *with Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (limitations period begins upon "filing of the complaint").

[3]  The debt collection lawsuit was filed in St. Louis County Court in December 2012, Plaintiff was served in January 2013, and default judgment was entered on February 27, 2013.

Regardless of whether equitable tolling or the discovery rule is the proper defense to Barton's statute of limitations argument, it appears to the Court that the FDCPA's limitations period is subject to both.   "The rule in the federal courts is that both tolling doctrines—equitable estoppel and equitable tolling—are just like the discovery rule, grafted on to federal statutes of limitations," except that neither applies to statutes of repose or to jurisdictional statutes of limitations.   *Cada,* 920 F.2d at 451; *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011).   The plain text of § 1692k(d) indicates that the limitations period is not a statute of repose,[4] and the Seventh Circuit has explicitly held that it is procedural, not jurisdictional.   *See* 15 U.S.C. § 1692k(d); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000).   Thus, the Court finds that under Seventh Circuit law, the FDCPA's limitations period is subject to equitable tolling and the discovery rule.[5]

---

[4] A statute of repose "cuts off liability after a fixed number of years, whether or not the plaintiff should have discovered within that period that he had a claim." *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 733 (7th Cir. 2010).   For example, "imagine a case in which a defective product is sold at time *t,* the defect causes an accident at *t* + 10, but the deadline for suit is *t* + 5." *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011).   "Such a deadline creates a period of repose, barring suit even though the victim of an accident caused by the defective product could not, however diligent or well informed, have sued within the deadline because the accident didn't occur until after the deadline had passed." *Id.*

[5] The Seventh Circuit has not explicitly ruled on the issue of whether the FDCPA's limitations period is subject to equitable tolling or the discovery rule, but at least two other circuit courts and three district courts within the Seventh Circuit have held that it is.   *See Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009); *Stone v. Washington Mut. Bank*, No. 10 C 6410, 2011 WL 3678838, at *7 (N.D. Ill. Aug. 19, 2011) (applying discovery rule to FDCPA statute of limitations); *Greenfield v. Kluever & Platt, LLC,* No. 09 C 3576, 2010 WL 604830, at *1–2 (N.D. Ill. Feb. 16, 2010) (same); *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *6 (N.D. Ill. Jan. 29, 2010) (assuming FDCPA's limitations period is subject to equitable tolling and equitable estoppel, but ruling that neither one applied to the plaintiff).   On the other hand, the Tenth Circuit has expressed doubt as to whether the FDCPA incorporates a discovery rule, *Johnson v. Riddle,* 305 F.3d 1107, 1114 n.3 (10th Cir. 2002), and the Fifth and Sixth Circuits have declined to decide the issue.   *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 449 n.18 (5th Cir. 2013); *Ruth v.*

Barton argued at the hearing that McDermott has failed to plead circumstances sufficient to establish a defense to the statute of limitations, such as equitable tolling or the discovery rule. But again, "a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark*, 318 F.3d at 767. Accepting as true all well-pleaded facts alleged, and drawing all possible inferences in McDermott's favor, the Court finds that the amended complaint supports an inference that McDermott may be able to establish a defense to the statute of limitations. Whether McDermott can actually do so requires consideration of evidence beyond the pleadings, and thus is not amenable to resolution on a motion to dismiss. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *Clark*, 318 F.3d at 767–68.

Accordingly, the Court denies Barton's request to dismiss Plaintiff's FDCPA claims on statute of limitations grounds.

### 3. McDermott Sufficiently States a Claim that Barton Violated the FDCPA by Bringing Suit in St. Anthony's Name.

The amended complaint alleges that Barton violated the FDCPA, in part, by filing the debt collection lawsuit in the name of St. Anthony's and not identifying CACi as a plaintiff (Doc. 14). According to McDermott, St. Anthony's was no longer a real party in interest and could not bring suit to collect the debt because it assigned the debt outright to CACi and did not retain any interest in the debt (Doc. 14).

The FDCPA generally prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt, and it specifically prohibits the false representation of the character or legal status of any debt,

*Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010).

or the use of any business, company, or organization name other than the true name of the debt collector.   15 U.S.C. §§ 1692e(2), (10), (14).

Barton moves to dismiss the FDCPA claim to the extent it is based on the theory that St. Anthony's was not a real party in interest (Doc. 18).   Barton argues that St. Anthony's remained a real party in interest because the assignment was only a partial assignment, not a complete assignment.   He explains that the assignment was made pursuant to Missouri Revised Statute § 425.300, and the Missouri Court of Appeals has held that all assignments under § 425.300 are partial assignments.   Therefore, according to Barton, St. Anthony's retained an interest in the assigned debt and could still sue on the debt in its own name.

The Court does not agree with Barton's broad reading of the Missouri appellate case at issue.   *Skaggs Regional Medical Center v. Powers*, 419 S.W.3d 920 (Mo. Ct. App. 2014).   *Powers* does not hold that *all* assignments under § 425.300 are partial assignments and permit the assignor to sue it its own name to collect the debt.   Rather, the holding was specific to that case and the assignment at issue.   *See Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *10 (E.D. Mo. Sept. 12, 2014).   Accordingly, *Powers* does not permit the Court to conclude as a matter of law that the assignment between St. Anthony's and CACi was a complete assignment.   Simply put, whether the assignment was a complete assignment as the amended complaint alleges, or a partial assignment as Barton argues, requires further development of the evidence and cannot be decided on a Rule 12(b)(6) motion to dismiss.

Furthermore, even if the Court agreed with Barton that the assignment was a partial assignment and St. Anthony's remained a real party in interest, McDermott has still alleged facts sufficient to state a plausible claim for relief.    According to McDermott, under the assignment and § 425.300, CACi was required to bring suit in its own name, but instead Barton sued only in St. Anthony's name—without its knowledge or consent—and concealed the involvement of the collection agency (Doc. 14).   As the Eastern District of Missouri acknowledged on two occasions, this "could well have constituted a deceptive practice" under the FDCPA.  *Mueller v. Barton*, No. 4:13–CV–2523 CAS, 2014 WL 4546061, at *10 (E.D. Mo. Sept. 12, 2014);  *Harris v. Barton*, No. 4:13-CV-02516 AGF, 2014 WL 3701037, at *3 (E.D. Mo. July 25, 2014).

Accordingly, the Court denies Barton's request to dismiss the FDCPA claim based on Barton's actions in bringing suit in St. Anthony's name.

### 4. McDermott   Sufficiently States a Claim that Barton Violated the FDCPA by Stating that He Represented St. Anthony's.

The amended complaint alleges that Barton violated the FDCPA, in part, by telling McDermott that he was St. Anthony's attorney and designating himself as the same in the pleadings in the debt collection lawsuit in St. Louis County Court and the garnishment proceedings in Madison County Court (Doc. 14).   McDermott alleges Barton was not St. Anthony's counsel; he was CACi's counsel.   McDermott further alleges that, according to St. Anthony's General Counsel, Barton was never employed by the hospital, and the hospital never contracted with him to function as outside legal counsel for any matter.

Again, the FDCPA generally prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

Barton moves to dismiss this claim, arguing that he properly identified himself as St. Anthony's attorney (Doc. 18).   According to Barton, the assignment authorized CACi to bring suit on behalf of St. Anthony's, and § 425.300 required CACi to retain an attorney to file suit and to file suit in St. Anthony's name.   CACi hired Barton to file suit, and because he had to do so in St. Anthony's name, he was implicitly authorized to represent himself as St. Anthony's attorney.   Barton further argues that even though St. Anthony's did not directly employ him or contract with him, CACi was the agent of St. Anthony's and authorized to hire Barton on behalf of the hospital.

As McDermott indicates, however, Barton fails to accept the allegations of the amended complaint as true and raises issues of fact that are not appropriate for resolution on a motion to dismiss.   But even if this issue could be decided at this stage of the litigation, Barton's argument would be denied.   His argument is wholly unsupported by any authority or evidence.   The plain language of the assignment did not authorize CACi to hire an attorney on St. Anthony's behalf.   Furthermore, none of the classic attributes of the attorney-client relationship existed between Barton and St. Anthony's.   For example, Barton presented no evidence that he ever had any contact with St. Anthony's, that St. Anthony's was responsible for compensating him for services in connection with the lawsuit, or that that St. Anthony's could control the litigation or direct him to make a settlement.

Accordingly, the Court denies Barton's request to dismiss the FDCPA claim based on Barton's actions in designating himself as St. Anthony's attorney.

### 5. McDermott Fails to State a Claim that Barton Violated the FDCPA by Filing the Garnishment Proceeding in Madison County Court.

The amended complaint alleges that Barton violated the FDCPA, in part, by registering the judgment and seeking garnishment in Madison County, Illinois, when McDermott does not live in Madison County, his employer is not located in Madison County, and Madison County has no connection whatsoever with him or the alleged underlying debt (Doc. 14).

The FDCPA's venue provision states in relevant part that "Any debt collector who brings *any legal action on a debt against any consumer* shall . . . bring such action only in the judicial district or similar legal entity (A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2) (emphasis added).

Barton moves to dismiss this claim, arguing that the venue provision does not apply to a garnishment proceeding (Doc. 18). The Seventh Circuit has not ruled on the issue of whether the FDCPA controls the choice of venue in a post-judgment enforcement action, such as a garnishment proceeding. And, unfortunately, there is a split of authority among the other circuit courts and district courts which have addressed the issue.

The Ninth Circuit is the only circuit court to hold that garnishment proceedings are subject to the FDCPA's venue provision, and there are at least two district courts outside of the Ninth Circuit which have agreed in recent years. *Fox v. Citicorp Credit,*

*Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994); *Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 2:11-CV-00619, 2012 WL 604249, at *4 (S.D. Ohio Feb. 24, 2012); *Smith v. Kramer & Frank, P.C.*, No. 4:09CV802 FRB, 2009 WL 4725285, at *5 (E.D. Mo. Dec. 2, 2009).[6]   The Ninth Circuit focused on the phrase "any legal action" in the venue provision and concluded that it "encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right."   *Fox*, 15 F.3d at 1515.

Conversely, the First and the Eleventh Circuits reached the opposite conclusion, and at least two district courts outside of those circuits have agreed.   *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75 (1st Cir. 2013) *Pickens v. Collection Services of Athens, Inc.*, 165 F.Supp.2d 1376, 1379 (M.D. Ga. 2001), *aff'd*, 273 F.3d 1121 (11th Cir. 2001); *Schuback v. Law Offices of Phillip S. Van Embden, P.C.*, No. 1:12–CV–320, 2013 WL 432641, at *3 (M.D. Penn. Feb. 1, 2013); *Hageman v. Barton*, No. 4:13-CV-2522 CEJ, 2014 WL 5320265, at *4 (E.D. Mo. Oct. 17, 2014).   These courts focused on the phrase "against the consumer" in the venue provision and evaluated whether the garnishment process under the relevant state law fell within that phrase.   *See, e.g., Smith*, 714 F.3d at 75.

Notably, the FTC's commentary to the FDCPA also supports the conclusion that the venue provision does not control in a post-judgment enforcement proceeding.   The FTC states "[i]f a judgment is obtained in a forum that satisfies the requirements of [the venue provision], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum."

---

[6] It is worth noting that a 2014 case out of the Eastern District of Missouri in which Barton was a defendant went the other way and held garnishment proceedings *were not* subject to the venue provision.   *Hageman v. Barton*, No. 4:13-CV-2522 CEJ, 2014 WL 5320265, at *4 (E.D. Mo. Oct. 17, 2014).

FEDERAL TRADE COMMISSION, Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (1988).

Following the more recent and expansive analysis used by the First and Eleventh Circuits, the Court looks to Illinois statutes and case law to determine if a garnishment proceeding in that state is viewed as an action against the consumer/debtor. The answer to that question is "no." In Illinois, "a garnishment proceeding [based on a judgment] should run in the name of the judgment debtor for the use of the judgment creditor as plaintiff against the garnishee as defendant. *Hibernian Banking Ass'n v. Morrison*, 58 N.E. 960 (1900); *Arnold v. Hunt*, 81 Ill. App. 430, 1898 WL 3049 (Ill. App. Ct. 1899); *Finch v. Alexander County Nat. Bank*, 65 Ill. App. 337, 1896 WL 2507 (Ill. App. Ct. 1896). *See also Peter Fischer Imp. Motors, Inc. v. Buckley*, 460 N.E.2d 346, 350 (Ill. App. Ct. 1984) (explaining that "the usual garnishment action . . . is a post-judgment procedure instituted directly against a third party in whose hands the judgment debtor's property may be found and the creditor's claim against his debtor has already been resolved, and judgment thereon rendered).

Because the garnishment proceeding is viewed as an action between the judgment creditor and the garnishee, it is not a legal action "against any consumer," and therefore does not fall within the FDCPA's venue provision. Consequently, Barton did not violate the FDCPA when he filed the garnishment proceeding in a judicial district other than the one where McDermott resides or incurred the debt. Accordingly, the Court grants Barton's request to dismiss the FDCPA claim based on Barton's actions in filing the garnishment proceeding in Madison County Court.

**6.   McDermott Sufficiently States a Claim for Abuse of Process.**

Count 2 of the amended complaint asserts a claim for abuse of process under Illinois common law.   Abuse of process is defined as the use of the legal process to accomplish a purpose for which it was not designed.   *See, e.g., West v. West*, 694 F.3d 904, 906 (7th Cir. 2012).   The only elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive, and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings.  *Holiday Magic, Inc. v. Scott,* 282 N.E.2d 452, 455 (Ill. App. Ct. 1972).

Barton argues that McDermott's claim for abuse of process should be dismissed for failure to state a claim because McDermott "does not allege facts" that the legal process was used to accomplish some end which is outside the regular purview of the process (Doc. 18).   Barton claims that he filed the lawsuit in order to obtain a judgment to collect an unpaid debt, which is the exact purpose of a debt collection lawsuit (Doc. 18).

"But a suit can be *wrongful* even if it is not groundless."   *West*, 694 F.3d at 906 (emphasis added).   For example, it is an abuse of process to file suit in order "to compel the victim to yield on some matter not involved in the suit," or when "the aim [of the lawsuit] is something other than a judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him."   *Id.*; *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 963 (7th Cir. 2010).

In the amended complaint, McDermott alleges that Barton filed the debt

collection lawsuit "for the improper collateral purpose of harassing and intimidating [him]" and forcing him into paying a debt and interest charges that he did not owe (Doc. 14).   Even if the debt was valid, and Barton was entitled to file suit to collect the debt, using the lawsuit to harass and coerce McDermott into paying more than he owed could be considered an improper collateral purpose.   The Court notes that this is a close call and questions whether McDermott will be able to fully develop the record to sustain the claim, but the liberal requirements of the federal notice pleading standard allow the claim to survive a motion to dismiss.

### 7.  McDermott Fails to State a Claim for Conversion.

Count 3 of the amended complaint asserts a claim for conversion under Illinois common law.   McDermott alleges that Barton "converted an identifiable fund, a portion of [Plaintiff's] wages in the approximate amount of $1000" by garnishing his wages for the purpose of satisfying a judgment that Barton "knew or should have known was procured by fraud and deception in whole or in part" (Doc. 14).

"The essence of conversion is the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held."   *Horbach v. Kaczmarek*, 288 F.3d 969, 975 (7th Cir. 2002) (internal citations and quotation marks omitted).   Illinois law limits the circumstances in which a plaintiff may maintain an action for the conversion of money.   *Sutherland v. O'Malley*, 882 F.2d 1196, 1200 (7th Cir. 1989).   "[T]he general rule is that conversion will not lie for money represented by a general debt or obligation." *Id.* (citations omitted).   "Moreover, the plaintiff's right to the money must be absolute.   It must be shown that the money claimed, or its equivalent, *at all times* belonged to the

plaintiff and that the defendant converted it to his own use."  *Horbach*, 288 F.3d at 975.

Barton argues that the claim must be dismissed because McDermott has failed to state a claim for conversion (Doc. 18).  The Court agrees.  Barton obtained a judgment under which McDermott was obligated to pay a certain amount of money, and the Madison County Court ordered the garnishment of McDermott's wages to satisfy that judgment.  Therefore, Barton's receipt of that money cannot be described as unauthorized or wrongful in the sense that a claim for conversion requires, and McDermott cannot show that he had an absolute right to the money that was garnished from his paychecks.

Accordingly, the Court grants Barton's motion to dismiss the conversion claim. The dismissal is without prejudice, however, and McDermott will be allowed to amend this claim.

## CONCLUSION

The motion to dismiss (Doc. 17) filed by Defendant Dennis J. Barton, III, is **GRANTED in part and DENIED in part**.  The motion is granted as to McDermott's FDCPA claim based on the filing of the garnishment proceeding in the Circuit Court of Madison County, Illinois.  The motion is also granted as to McDermott's conversion claim.  The motion is denied as to the remaining FDCPA claims and the abuse of process claim.

The dismissal of McDermott's conversion claim is without prejudice, and McDermott is **GRANTED** leave to file a second amended complaint on or before **December 15, 2014**, to replead the conversion claim if he elects to do so.  If McDermott

does not file a second amended complaint as permitted herein, dismissal of the conversion claim will be converted to a dismissal with prejudice.

**IT IS SO ORDERED.**

**DATED:   November 26, 2014**

<u>**s/ Nancy J. Rosenstengel**</u>
**NANCY J. ROSENSTENGEL**
**United States District Judge**